IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTLEY BACKUS,

        Plaintiff,                       No. 2:12-cv-3020 KJM CKD PS

   vs.

CITY OF AUBURN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a second amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1   In order to avoid dismissal for failure to state a claim a complaint must contain
2   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
3   of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
4   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5   statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
6   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
7   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
8   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
9   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
10  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
11  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
12  Rhodes, 416 U.S. 232, 236 (1974).

13  In this action, plaintiff alleges a variety of claims against police officers, sheriffs
14  and district attorneys associated with the City of Auburn and Placer County.  Many, if not all, of
15  plaintiff's allegations are incomprehensible.  For instance, plaintiff complains about being
16  assaulted by "pulsating and/or steady radio and microwave signals" and being "awakened by a
17  beamed RF wave assault that injured [plaintiff's] back."  Second Amended Complaint at 8:12-
18  13; 11:8-9.  Such claims are implausible on their face.

19  Plaintiff was previously advised of the standards for stating a claim under 42
20  U.S.C. § 1983.  The second amended complaint does not cure the pleading deficiencies evident
21  in the original complaint or the first amended complaint.  Plaintiff fails to demonstrate how the
22  conduct of each defendant resulted in a deprivation of plaintiffs' federal rights.  See Ellis v.
23  Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff names as defendants various public
24  entities but fails to allege a custom or policy sufficient to give rise to municipal liability.  See
25  Monell v. Department of Social Servs., 436 U.S. 658 (1978) (liability of municipality under
26  section 1983 must rest on official policy giving rise to the alleged constitutional deprivation).

Moreover, it appears that many of plaintiff's claims, which date back to 2001, are barred by the statute of limitations.  See Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir. 1987) (statute of limitations of the state in which the claim arises governs civil rights actions under 42 U.S. C. § 1983); Wilson v. Garcia. 471 U.S. 261, 268-71, 276 (1985) (section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations); Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1317 (9th Cir. 1990); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (in California, applicable statute of limitations is two years under Cal. Code Civ. Proc. Code § 335.1).

Plaintiff has now filed three complaints in this action.  Plaintiff has been advised of the standards for stating a claim under 42 U.S.C. section 1983.  Like the prior complaints which contained only vague and conclusory allegations, the second amended complaint still fails to state a claim.  At best, plaintiff's pleadings demonstrate that he suffers from a delusional belief that public officials have engaged in a conspiracy to assault plaintiff with invisible weapons.  Plaintiff's allegations are insufficient to state a claim pursuant to section 1983.  Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has failed to do so.  Moreover, it appears that further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

////
////
////
////
////

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
backus3020.57